IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JILL LAMBRIGHT,

                          Plaintiff,                          OPINION AND ORDER

       v.                                                     20-cv-625-wmc

ANDREW SAUL, Commissioner of
Social Security,

                          Defendant.

Plaintiff Jill Marie Lambright seeks judicial review of a final determination by Administrative Law Judge ("ALJ") Deborah Ellis, who concluded that Lambright was not disabled within the meaning of the Social Security Act under *both* step one *and* step five of the sequential evaluation process. 42 U.S.C. § 405(g); 20 C.F.R. 404.15(a). On appeal, plaintiff ignores the ALJ's dispositive step one analysis, which found that Lambright was not disabled for any twelve consecutive month period, having engaged in substantial gainful activity during her alleged period of disability. Instead, plaintiff argues only that the ALJ erred in her consideration the impact of Lambright's fibromyalgia at step five. For the reasons discussed below, the court will affirm the decision of the Commissioner, and oral argument set for Thursday, April 22, 2021, will be cancelled.

BACKGROUND

On August 30, 2017, plaintiff Jill Marie Lambright filed a Title II application for a period of disability and disability insurance benefits, alleging an onset date of April 17, 2017. (AR at 49.) After her application was denied initially and on reconsideration, she requested an evidentiary hearing, which was held on August 22, 2019. (AR at 49.)

Following that hearing, ALJ Ellis issued an opinion on October 17, 2019, which followed the familiar five-step, sequential evaluation process to assess Lambright's alleged disability. At step one, the ALJ concluded that Lambright *had* engaged in substantial gainful activity since her alleged onset date.  (AR at 51.)  In particular, based on Lambright's quarterly earnings, the ALJ concluded that she had "engaged in substantial gainful activity from April 1, 2018 through December 31, 2018."  (AR at 51.)  Thus, the ALJ explained, "she is not disabled regardless of how severe her physical or mental impairments are and regardless of her age, education, and work experience."  (AR at 51.)

Nevertheless, the ALJ proceeded to complete the five-step analysis, ultimately finding "the medical record demonstrates that the claimant is capable of working and the claimant can *also* be denied at step 5 of the sequential evaluation."  (AR at 51-52 (emphasis added).)  At step two, the ALJ concluded that Lambright had the following severe impairments:  "fibromyalgia, psoriasis, psoriatic arthritis, and obesity."  (AR at 52.)  At step three, the ALJ concluded that Lambright did not have an impairment or combination of impairments that met or medically equals the severity of one of the listed impairments. (AR at 55.)  In assessing Lambright's residual functional capacity ("RFC") at step four, the ALJ also concluded that Lambright could perform light work, given some additional limitations.  (AR at 56.)  Then, at the final step, the ALJ explained her "alternative finding" (AR at 52) that jobs existed in significant numbers in the national economy that Lambright could perform given her limitations, and so concluded that she was not disabled for this reason as well (AR at 61-63).

OPINION

In reviewing a final decision by the Commissioner of Social Security, findings of fact are "conclusive," so long as they are supported by "substantial evidence." 42 U.S.C. § 405(g). "Evidence is considered substantial if a reasonable person would accept it as adequate to support a conclusion." *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004). When reviewing the Commissioner's findings under § 405(g), the court cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the administrative law judge. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Rather, a federal court reviews an administrative disability determination with deference, and it will uphold a denial of benefits unless the ALJ's decision is not supported by substantial evidence or is based on an error of law. 42 U.S.C. § 405(g); *see Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

Still, a district court may not simply "rubber-stamp" the Commissioner's decision without a critical review of the evidence, *Ehrhart v. Sec'y of Health and Human Servs.*, 969 F.2d 534, 538 (7th Cir. 1992), and a decision cannot stand if it lacks evidentiary support. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). In addition, the ALJ must explain her "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Id.*; *see Herron v. Shalala*, 19 F.3d 329, 333-34 (7th Cir. 1994). When the administrative law judge denies benefits, she must also build a logical and accurate bridge from the evidence to his conclusion. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001).

In relevant part, the Social Security Act defines disability as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental

3

impairment which can be expected to result in death *or which has lasted or can be expected to last for a continuous period of not less than 12 months.*"  42 U.S.C. § 423(d)(1)(A) (emphasis added).  As indicated by this definition, a claimant cannot be disabled during a period in which she engaged in substantial gainful activity.  *See also* 20 C.F.R. 404.1520(b) ("If you are working and the work you are doing is substantial gainful activity, we will find that you are not disabled regardless of your medical condition or your age, education, and work experience.").

Here, plaintiff alleged an onset date of April 17, 2017, and the ALJ found that Lambright *had* engaged in substantial gainful activity since that date, relying on her actual, quarterly earnings from April 1, 2018, through December 31, 2018.  (AR at 51.)  The ALJ raised this very issue directly with Lambright's counsel at the hearing:  "Mr. Duncan, I see that she worked at SGA levels during 2018 and probably pretty close in '17.  Do you have a theory of the 12 continuous months where she was under SGA?"  (AR at 78.)  To which her attorney responded: "Not really."  (AR at 78.)  Similarly, although the Commissioner raised this deficiency in response to this appeal (Def's Opp'n (dkt. #23) 1, 5-6), plaintiff inexplicably failed to even acknowledge it in her briefs to this court.  (Pl.'s Br. (dkt. #17); Pl.'s Reply (dkt. #24)).

Still, it could be argued (although it was not) that the ALJ did not actually rest her finding of no-disability on the lack of a twelve month continuous period of disability, but instead on her "alternate finding" of Lambright's *expected* capacity to work going forward based on her medical record, which the ALJ found "demonstrates that the claimant is capable of working."  (AR at 51-52.)  Indeed, under *SEC v. Chenery Corp.*, 318 U.S. 80

4

(1943), even if the ALJ *could* at the time have denied Lambright's application based on a lack of a twelve month continuous period of disability, the court may not rely on a post-hoc justification.  *Id*. at 87-88; *Roddy v. Astrue*, 705 F.3d 631, 637 (7th Cir. 2013).

In this case, however, the ALJ explicitly found that Lambright engaged in substantial gainful activity within twelve months of her alleged onset date and plaintiff has not even attempted to challenge that finding.  Moreover, plaintiff has made no specific showing that since December 31, 2018, when she apparently stopped substantial gainful employment, her allegedly disabling impairments have or could be expected to last for a continuous period of at least twelve months.[1]  Instead, her briefs on appeal entirely ignore the issue and even *appear* to continue to claim disability since her original alleged onset date of April 17, 2017.  (*See* Pl.'s Br. (dkt. #17) 1-2 (citing records, e.g. AR at 440, from 2017 and 2018).)  As a result, plaintiff has given this court *no* foothold to support a finding that Lambright could meet the duration requirement, and so any alleged error by the ALJ is harmless.  *See Courtney v. Berryhill*, 385 F. Supp. 3d 761, 766-67 (W.D. Wis. 2018) (if the plaintiff has not pointed to *any* evidence in the record to support remand related to a listing level requirement after the Commissioner has squarely raised the issue, the court will assume that any alleged error in considering the listings was harmless).

Finally, even if the court were to take up plaintiff's implicit argument that the ALJ erred by not finding her permanently disabled *prospectively* for a period beginning January 1, 2019 -- an argument that the Commissioner's memorandum addresses -- she has failed

---

[1] Indeed, the last available medical record appears to be dated July 17, 2019, only seven months after December 31, 2018.  (*See* AR at 755.)

to identify any reversible error with respect to the ALJ's finding that plaintiff retained the RFC to perform light work as defined by 20 C.F.R. 404.1567(b) with specific limitations. On the contrary, plaintiff's counsel's essential argument appears to be that once finding a severe impairment of fibromyalgia, the ALJ *must* find the plaintiff permanently disabled, at least prospectively. This is not the law.

Instead, as the Commissioner points out, the ALJ was obligated to look at evidence of the claimant's actual RFC notwithstanding this severe limitation. Even setting aside the fact that plaintiff had not even been disabled for twelve straight months as of the date of the ALJ's decision, the ALJ carefully reviewed her medical records, including the opinions of the medical experts, who unanimously found plaintiff capable of light work with the same or fewer limitations then were adopted in her RFC. Rather than dispute this, plaintiff principally faults the ALJ for not explicitly evaluating her fibromyalgia under the 2010 ACR Preliminary Diagnostic Criteria referenced in SSR 12-2, which amounts to accusing the ALJ of retracting her own finding of fibromyalgia as a severe impairment. This is not at all what the ALJ did, however, as explained in the detailed explanation under step two of her decision. (AR 52-55.) Instead, the ALJ properly evaluated each of the relevant functional areas under 20 C.F.R., Part 404, including the four areas of mental functioning, as reflected in the medical records and plaintiff's self-reports to arrive at conclusions regarding her actual, residual capacity to work. While plaintiff criticizes the ALJ's conclusions derived from that evidence, particularly as it concerns Dr. Bonnet's evaluation of the severity of claimant's mental impairments, the ALJ sufficiently explains the reasons for her conclusions.

6

This just leaves the ALJ's evaluation of Lambright's subjective reports of her symptoms, which again essentially amounts to plaintiff arguing that a finding severe fibromyalgia precludes the ALJ from not fully crediting a plaintiff's reports of her own symptoms.  (Pl.'s Reply (dkt. #24) 9-10.)  Since this, too, is not the law, and the ALJ carefully explains her reasons for discounting certain of plaintiff's reported symptoms, as well as her reasons for arriving at the RFC here, plaintiff has identified no good grounds for remand, at least with respect to her claim of disability through the date of the ALJ's decision -- October 17, 2019.

ORDER

IT IS ORDERED that the decision of defendant Andrew M. Saul, Commissioner of Social Security, denying plaintiff Jill Lambright's application for disability benefits is AFFIRMED under sentence four of 42 U.S.C. § 405(g).  The clerk of court is directed to enter judgment for the Commissioner and close this case.

Entered this 21st day of April, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge